Hon. Kitty Carlisle Hart Chairman State Council on the Arts
Your former Acting Executive Director, Robert A. Mayer, requested our opinion on what restrictions would be placed on him as the director of a New York State museum that contemplated continuance of annual contracts for services entered into with the State Council for the Arts (Council).
Mr. Mayer advised us that he was Executive Director from November 1976 to June 1979. Between mid-April of 1980 and October 1, 1980, he served as Acting Executive Director of the Council. During the latter period he became a candidate for the director of a museum in New York State. That museum has in the past received annual contracts for services from the Council, as have most museums in the State. We understand that he is now the director of the museum in question.
Mr. Mayer stated that (1) he would not be involved in any way in representing the museum in negotiations with the Council for any application previously or currently under review and (2) senior staff of the museum could negotiate future application discussions with the Council staff without Mr. Mayer's direct participation. However, he noted that it would be "impossible for the Director of a museum not to be involved in internal museum discussions in preparing any grant application as such would need to be related to the overall planning and policy goals of the museum."
Response to his request depends upon interpretation of section 73
(7) of the Public Officers Law, which reads in relevant part:
 "7. No person who has served as an officer or employee of a state agency shall within a period of two years after the termination of such service or employment appear before such state agency or receive compensation for any services rendered on behalf of any person, firm, corporation or association in relation to any case, proceeding or application with respect to which such person was directly concerned and in which he personally participated during the period of his service or employment; * * *."
Answers were requested to the following questions:
1. What limitations, if any, must be observed by Mr. Mayer as director of a museum negotiating for future annual contracts for services with the Council, in connnection with the preparation and submission of such applications?
2. If there are limitations, from what date would the two-year statutory bar apply: June 1, 1979, when Mr. Mayer's service as a State officer terminated, or October 1, 1980, the date of termination of his "interim assignment on a temporary line in the Council's budget"?
In response to the first question we conclude that Mr. Mayer is not limited in any way in the preparation or submission of applications for annual contracts for services to the Council. There is no indication that he will "appear before such state agency"; and he is not to receive any compensation for "services rendered * * * in relation to any case, proceeding or application with respect to which [he] was directly concerned and in which he personally participated during the period of his service or employment * * *." Even assuming that, as Executive Director of the Council (or Acting Executive Director) he participated in the award of earlier annual contracts for services, future applications are entirely separate and thus not within the proscription of the statute. While Mr. Mayer's prior activity in relation to the museum might at first suggest an appearance of impropriety, we do not think that this would have barred him from accepting the position of museum director.
Having answered the first question in the negative, the second question is mooted. Since no limitations are imposed, time-bans need not be considered.